Eastern District of Kentucky
FILED

AUG 2 7 2026

AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

**UNITED STATES OF AMERICA**

**V.** **INDICTMENT NO.** 6:26-CR-112-SCM

**DUSTIN BAKER**

* * * * *

**THE GRAND JURY CHARGES:**

**COUNT 1**
**21 U.S.C. § 841(a)(1)**

On or about February 24, 2025, in Scott County, in the Eastern District of Kentucky,

**DUSTIN BAKER**

did knowingly and intentionally possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

**COUNT 2**
**18 U.S.C. § 922(g)(1)**

On or about February 24, 2025, in Scott County, in the Eastern District of Kentucky,

**DUSTIN BAKER,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, that is a Taurus, Model G2C, 9mm caliber semiautomatic pistol bearing serial number TMS50608, and the firearm was

in and affecting commerce, in violation of 18 U.S.C. § 922(g)(1).

**COUNT 3**
**21 U.S.C. § 841(a)(1)**

On or about August 6, 2025, in Bell County, in the Eastern District of Kentucky,

**DUSTIN BAKER**

did knowingly and intentionally possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

**21 U.S.C. § 851 ENHANCEMENT**

Before **DUSTIN BAKER** committed the offense charged in Counts One and Three of the Indictment, **DUSTIN BAKER** had a final conviction for a serious drug felony, namely, a conviction under KRS § 218A.1412, trafficking in a controlled substance, first degree, first offense, equal to or greater than two grams of methamphetamine, for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the offenses charged in Counts One and Two.

**FORFEITURE ALLEGATIONS**
**21 U.S.C. § 853**
**18 U.S.C. § 924(d)(1)**
**28 U.S.C. § 2461**

1. By virtue of the commission of the felony offenses alleged in Counts One and Three of the Indictment, **DUSTIN BAKER** shall forfeit to the United States any and all property used, or intending to be used, to commit and to facilitate the commission of the violations of 21 U.S.C. § 841 and any and all property constituting proceeds obtained

directly or indirectly as a result of the commission of the violations of 21 U.S.C. § 841. Any and all interest that **DUSTIN BAKER** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2. By virtue of the commission of the offenses alleged in Count Two of the Indictment, **DUSTIN BAKER** shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violation(s) of 18 U.S.C. §§ 922 and 924. Any and all interest that **DUSTIN BAKER** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3. The property to be forfeited includes, but is not limited to, the following which was seized from **DUSTIN BAKER** on or about February 24, 2025:

**FIREARM:**

a. Taurus, Model G2C, 9mm caliber semiautomatic pistol bearing serial number TMS50608; and
b. All associated ammunition and accessories.

4. If any of the property listed above, as a result of any act or omission of the Defendant, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

[redacted]

JASON D. PARMAN
UNITED STATES ATTORNEY

KELLY K. RIDINGS
ASSISTANT UNITED STATES ATTORNEY

## PENALTIES

### COUNT 1

Not less than 10 years nor more than life imprisonment, not more than a $10,000,000 fine, and at least 5 years supervised release.

> **If Prior Serious Drug Felony Conviction:** Not less than 15 years nor more than life imprisonment, not more than a $20,000,000 fine, and at least 10 years supervised release.

### COUNT 2

Not more than 15 years imprisonment, a $250,000 fine, and 3 years supervised release.

### COUNT 3

Not less than 5 years and not more than 40 years of imprisonment, not more than a $5,000,000 fine, and at least 4 years supervised release.

> **If Prior Serious Drug Felony Conviction:** Not less than 10 years and not more than life imprisonment, not more than a $8,000,000 fine, and at least 8 years supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Forfeiture of listed items.